### BENOIT *vs.* HEBERT & AL.

The court properly rejected evidence, to prove a fact which was not set forth in the petition.

Motions to amend, after issue joined, are entirely within the discretion of the court.

When the object is to set aside a former settlement of an estate, on the ground of simulation and fraud, the court of probates is not the proper tribunal.

APPEAL from the court of probates of West Baton Rouge.

The facts are given in the opinion of the court, delivered by MARTIN, J.

The plaintiff, daughter of D. Benoit, by his first wife, sues the defendant's children and heirs of his daughter by a second, for a settlement and partition of the estate of their common ancestor and collation, of the value of a slave and other property, conveyed by the common ancestor to the defendants' mother. It is alleged, the ancestor left no property, so that the object of the suit, is the recovering from the defendants, of what their mother received from her father, to the injury of the plaintiff by simulated and fraudulent conveyances. The settlement of the property of the community, which had existed between the plaintiff's parents, is complained of.

The defendants declined the jurisdiction of the court of probates, on the following grounds:

Eastern District.
*April,* 1830.

BENOIT
*vs.*
HEBERT & AL.

1. The plaintiff, is an heir at law for property in the possession of third persons.

2. She seeks to set aside conveyances and alienations, as fraudulent and simulated.

3. She attaches the settlement of the estate, which had been in community between her parents.

4. It is alleged, her ancestor left no property, and it is not shown that he resided or died within the jurisdiction of the court.

The plea to the jurisdiction was sustained, and the plaintiff appealed.

The court properly rejected evidence to prove a fact which was not set forth in the petition.

At the trial, the plaintiff took a bill of exceptions to the opinion of the court, who rejected evidence of the common ancestor's residence in Baton Rouge, on the ground, that it was a fact not averred in the petition, and which the defendants could not therefore be prepared to disprove. We think the court did not err.

The plaintiff afterwards moved for leave to amend his petition, by inserting an averment of the common ancestor's residence. This was refused, and a second bill of exceptions taken.

Amendments may take place, by leave of the court, after issue joined—*Code of Practice,* 419. They are not a matter of right.

The court must exercise its discretion, before leave be granted. Often an amendment, made on the trial, would prevent the trial from going on. If it could be had of right, it would be a sure and constant source of delay. We do not think the court erred.

It does not appear, that there was any estate of the common ancestor to settle or partition; the plaintiff avers he left none. The object of the suit was, therefore, to set aside a former settlement of alienation and conveyances, on the ground of simulation and fraud, to divest the title of the holder of such property, so as to preserve property that had belonged to the common ancestor, in order to find something to be divided.

The attempt to do so, was improperly made in the court of probates; and would have been so, even if the ancestor had been a resident of the parish.

It is therefore ordered, adjudged and decreed, that the judgment be affirmed with costs.

Eastern District.
*April,* 1830.

BENOIT
*vs.*
HEBERT & AL.

Motions to amend after issue joined, are entirely within the discretion of the court.

Where the object is to set aside a former settlement of an estate on the ground of simulation and fraud, the court of probates is not the proper tribunal.