Martin, J.
The petition states, that the late wife of one of the appellees, and now the testratrix of both, made an authentic will, by which she left several legacies to the petitioners, and that the appellees caused a paper purporting to be her will under private signature, to be proved, by which the authentic will is so far .revoked, as to annul the legacies to them. The same legacies are given to them by the private will, but under the condition that *437 they shall renounce a claim which they have against one of the appellees, as syndic of John Fleming. The petitioners urge, that the private will is null and void, the testatrix not having a perfect use of her mental faculties, when she made it; that it was not made in the manner required by law; and that they are not bound to accept the aforesaid legacies, burthened with the condition under which they are given in the private will.
The petition concludes with a prayer, that the authentic will may be declared the last will and testament of the testatrix, and that the private one may be declared null and void, and set aside ; and that the legacies aforesaid may be unconditionally delivered to them. But should the court sustain the private will, and set aside the authentic one, they pray that, on their performance of the conditions in the private will, which'in such case they offer to perform, the said legacies may be delivered to them.
The appellees pleaded the general issue, and several other pleas, which the view we have taken of the case renders it unnecessary to notice.
The Court of Probates sustained the "private will; but, considering that it confirms the authentic one under which the petitioners are unconditional legatees, under the condition of their renunciation to their claim against one of the appellees, which condition the petitioners offered to perform, ordered the delivery of the legacies to them.
The petitioners appeal. Their counsel have drawn our attention to a bill of exceptions which they took to the opinion of the court, refusing them leave to discontinue that part of the petition in which they offer to accept the legacies, under the condition with which they were burthened in the private will.
The Code of Practice authorizes amendments after issue joined, provided the substance of the demand be not altered by making it different from the one originally brought. Code of Pract. art. 419. In the case of Benoit v. Hebert et al. 1 La. 212, we held, that leave to amend is in the discretion of the court. It does not appear to us, that the discretion of the Court of Probates was incorrectly exercised, in refusing leave to discontinue. The discontinuance would have been an amendment of the petition, which would have changed the nature of part of the demand, to *438 wit, that which asked a delivery on a condition offered to be performed, into a demand for an absolute and unconditional delivery.
On the merits, the evidence shows the perfect sanity of the testatrix, and the compliance with all the formalities required by law in the execution of a private will.

Judgment affirmed.